**Sidney S. ZLOTNICK, and Renee Zlotnick Kraft**

v.

**JACK I. BENDER & SONS, INC., Appellant.**

**No. 22294.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 20, 1970.

Decided Feb. 10, 1970.

in general, conducted himself in an exemplary manner befitting the con-

Mr. Harold Gordon, Washington, D. C., for appellant.

Mr. Glenn A. Mitchell, Washington, D. C., with whom Mr. Jacob A. Stein, Washington, D. C., was on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and TAMM and MacKINNON, Circuit Judges.

PER CURIAM:

The factual situation involved in this action seeking a declaratory judgment establishing the respective rights of the litigating parties in two connecting alleys is set f orth in detail in the excellent opinion of the learned trial judge. Zlotnik v. Bender, 285 F.Supp. 548 (D.D. C.1968). Our review of the record in these proceedings requires our affirmation of the District Court judgment as contained in its order of June 11, 1968 (J.A. 42–44), with the two qualifications set out hereafter.

Paragraph 2(c) of the trial court's order prescribes time periods within which defendant-appellant must make such alterations in two doors in the building identified as 1111-18th Street, N.W. as to prevent them from swinging outward. There are references in the record before us describing these doors

fidence placed in him by the Court of Appeals."

as "fire doors," and we are concerned for the safety of tenants in the building at 1111-18th Street, N.W., to the extent that no hazard be created to those tenants by alteration of the design or location of the doors. Without amending the trial court's mandate as it is contained in paragraph 2(c) of its June 11 order, we will remand this case to the District Court, there to remain pending until the defendant-appellant files with that court a certification that these doors have been so altered, relocated, or redesigned as to meet both pertinent building and fire regulations and the obligations accruing from plaintiff-appellees' rights as established by the District Court's judgment. In the event this action does not prove possible, our decision is without prejudice to consideration by the District Court of an equitable remedy with respect to the fire door or of application of the emergency doctrine. *See* our recent decision in Gary v. Dane, 133 U.S.App.D.C. 397, 401, 411 F.2d 711, 715 (1969).[1]

■ Our second observation upon the trial judge's memorandum opinion (J.A. 26–40) is that we do not construe it as placing the defendant-appellants in any inferior position to that of the general public in the pedestrian use of the walkways. Confronted with the difficult problem of visualizing from the record the actual use made on a day-to-day basis of the alleys as walkways by the casual public, we assume that the defendant-appellants and their employees, while prohibited from all "trespasses" etc. (J.A. 42), are not thereby deprived of any casual use of these strips which may be made by representatives of the public generally. We do not hereby alter or amend the mandate of paragraph 1(c) of the order of June 11 (J.A. 42), but seek only to assure that the order does not prohibit these appellants from any utilization of the walkways for pedestrian traffic which may exist, without claim of title or legal right, for the public generally.

The judgment as interpreted herein is affirmed. The case is remanded to the District Court solely for the purpose of maintaining the record open for the filing of the certification required by the second paragraph of this opinion.

Remanded.

1. We observe and assume that the parties and the trial judge recognized that there is an implied reservation of a way of necessity carved out of the conveyance made by the quitclaim deed by virtue of the location of the building flush to the property line when an ordinance requires that fire doors open outwardly. *See* 25 Am.Jur.2d Easements and Licenses §§ 34, 47 (1966).